

CHIEF FINANCIAL OFFICER
JIMMY PATRONIS
STATE OF FLORIDA

---

STORM DAMAGE SOLUTIONS, LLC D/B/A
SMART TARP A/A/O STONEBROOK PLAZA INC.

PLAINTIFF(S)

VS.

INDIAN HARBOR INSURANCE COMPANY

DEFENDANT(S)
_____/

SUMMONS, COMPLAINT, DISCOVERY, CIVIL COVER SHEET

| | |
|---|---|
| **CASE #:** | **2021-CA-489** |
| **COURT:** | **CIRCUIT COURT** |
| **COUNTY:** | **SANTA ROSA** |
| **DFS-SOP #:** | **21-000277149** |

# NOTICE OF SERVICE OF PROCESS

NOTICE IS HEREBY GIVEN of acceptance of Service of Process by the Chief Financial Officer of the State of Florida. Said process was received in my office by ELECTRONIC DELIVERY on Tuesday, June 8, 2021 and a copy was forwarded by ELECTRONIC DELIVERY on Monday, June 14, 2021 to the designated agent for the named entity as shown below.

> INDIAN HARBOR INSURANCE COMPANY
> TONI ANN PERKINS
> 70 SEAVIEW AVE
> STAMFORD, CT 06902

**\*Our office will only serve the initial process(Summons and Complaint) or Subpoena and is not responsible for transmittal of any subsequent filings, pleadings, or documents unless otherwise ordered by the Court pursuant to Florida Rules of Civil Procedure, Rule #1.080**

Jimmy Patronis
Chief Financial Officer

ANTONIO VALIENTE
MANAGER
INSURANCE CLAIMS PROFESSIONALS, PLLC
1111 BRICKELL AVE., STE. 1550
MIAMI, FL 33131

DJ1

IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
IN AND FOR SANTA ROSA COUNTY, FLORIDA

CASE No.: 2021-CA-489

STORM DAMAGE SOLUTIONS,
LLC D/B/A SMART TARP A/A/O
STONEBROOK PLAZA INC.,

          Plaintiff,

v.

INDIAN HARBOR INSURANCE
COMPANY,

          Defendant.

_____/

## CIVIL ACTION SUMMONS

THE STATE OF FLORIDA
To Each Sheriff of the State:

YOU ARE HEREBY COMMANDED to serve this summons and a copy of the complaint
or petition in this action on the Defendant:

**INDIAN HARBOR INSURANCE COMPANY**
c/o Florida Chief Financial Officer, Registered Agent
P.O. Box 6200
Tallahassee, Florida 32314

Each Defendant/Respondent is required to serve written defenses to the complaint or petition
on Plaintiff's attorney whose name and address is:

MATTHEW MCELLIGOTT, ESQ.
INSURANCE CLAIMS PROFESSIONALS, PLLC
1111 BRICKELL AVE., STE. 1550
MIAMI, FLORIDA 33131
T: (786) 361-6887 / F: (786) 551-6300
E-Service:     eservice@insclaimspros.com
E-Service 2:   matthew@insclaimspros.com

within twenty (20) days after service of this summons on that Defendant/Respondent, exclusive
of the day of service, and to file the original of the defenses with the Clerk of this Court either
before service on Plaintiff's attorney or immediately thereafter. If a Defendant/Respondent fails
to do so, a default will be entered against that Defendant/Respondent for the relief demanded in
the complaint or petition.

DATED: June 7, 2021 _____

                              **CLERK OF COURTS**

           BY: _____       Amanda Watson

                   **AS DEPUTY CLERK**                  eSigned by Amanda Watson
                                                on 06/07/2021 10:55:01 G4kkF7X4

**COURT SEAL**

IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
IN AND FOR SANTA ROSA COUNTY, FLORIDA
CASE No.:

STORM DAMAGE SOLUTIONS, LLC
D/B/A SMART TARP A/A/O
STONEBROOK PLAZA INC.,
       Plaintiff,

v.

INDIAN HARBOR INSURANCE
COMPANY,
       Defendant.

_____/

## COMPLAINT

PLAINTIFF hereby sues DEFENDANT and alleges as follows:

## PARTIES, JURISDICTION & VENUE

1. This is an action for damages and the amount at issue exceeds the sum of $30,000.00, exclusive of interest, costs and attorney's fees.

2. The Plaintiff is a Florida corporation and assignee of Stonebrook Plaza Inc. (the "Insured"). A true and correct copy of the partial assignment of benefits is attached hereto as EXHIBIT "A."

3. The Defendant is a duly and lawfully registered entity as required by Florida law and sells homeowners' insurance policies providing coverage throughout the State that are subject to governing Florida law.

4. Venue and jurisdiction are proper in Santa Rosa County, Florida, because the contract which forms the subject matter of this lawsuit was executed in Santa Rosa County, Florida.

5. All conditions precedent to the filing of this lawsuit have occurred, have been waived, or have been performed.

## GENERAL ALLEGATIONS

6. At all times material hereto, and in consideration of a premium paid by the Insured, there was in full force and effect a certain homeowner's insurance policy issued by the Defendant with a Policy Number of UCF0007913-01.

7. The Defendant is in possession of an original and certified copy of the Policy (which the Plaintiff does not currently possess), which is hereby incorporated by reference and will be produced through discovery.

8. Accordingly, under the terms of the Policy, the Defendant agreed to provide insurance coverage to the Insured's property against certain losses. The damaged property is located at 5636 Woodbine Rd., Pace, FL 32571.

9. On or about September 16, 2020, and while the Policy was in full force and effect, the Property sustained a covered loss due to Hurricane Sally under the Policy.

10. The Insured contracted the Plaintiff to provide services to the property. Furthermore, the Insured partially assigned any and all insurance rights, benefits and proceeds under the Policy to the Plaintiff.

11. The Defendant assigned Claim Number CLM0014184 to the Loss.

12. The Defendant denied the claim for the subject Loss.

13. As of the date of filing this lawsuit, the Defendant has failed to duly issue payment to the Plaintiff for the service charges that were submitted to the Defendant in consideration of the stated assignment of benefits.

14. The stated service charges of the Plaintiff were reasonable, necessary, and related to the covered loss, and as such are payable in accordance with the Policy.

15. The Plaintiff has suffered, and continues to suffer, direct and/or actual damages due to the Defendant's expressed and/or anticipatory failure to perform under the Policy.

16. The Plaintiff has been obligated to retain the undersigned attorney for the prosecution of this action and is entitled to a reasonable attorney's fee pursuant to Florida Statutes §§ 627.428, 627.7152, and/or 626.911.

## COUNT I
## BREACH OF CONTRACT

The Plaintiff reincorporates ¶¶ 1 – 16 as if fully set forth herein.

17. The Defendant had a duty to promptly issue payment for the Covered Loss.

18. Notwithstanding the Plaintiff's performance of material conditions to payment under the Policy that were either complied with and/or waived by the Defendant,

the Defendant refuses to perform its duty to pay in full, and/or in a reasonable amount, the Plaintiff's service charges.

19.   The Defendant's failure to duly perform constitutes a material breach of the Policy, and the Plaintiff has suffered direct and/or actual damages as a result thereof.

20.   The Plaintiff has been obligated to retain the undersigned attorney for the prosecution of this action and is entitled to an award of reasonable attorney's fees and costs pursuant to Florida Statutes §§ 627.428, 627.7152, 626.911 and 57.041.

WHEREFORE, the Plaintiff respectfully requests this Honorable Court enter a Final Judgment in its favor and for the following:

a.   Full payment of direct and/or actual damages that it sustained as a result of the Defendant's breach of contract.

b.   Payment of pre-judgment interest pursuant to Florida Statute § 55.031;

c.   Pursuant to Florida Statutes §§ 627.428, 627.7152, 626.911, 92.231 and 57.041, an award of reasonable attorneys' fees and costs; and/or

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury of all issues triable as a matter of right.

Dated:  June 4, 2021.

Respectfully submitted,

**INSURANCE CLAIMS
PROFESSIONALS, PLLC**
*Attorneys for Plaintiff*
1111 BRICKELL AVE. – STE. 1550
MIAMI, FLORIDA 33131
T: (786) 361-6887 / F: (786) 551-6300
eservice@insclaimspros.com
matthew@insclaimspros.com

BY: /s/ Matthew McElligott
      Matthew McElligott, Esq.
      FL BAR NO.: 69959

# SMART TARP™

## ASSIGNMENT OF BENEFITS

20 Jacob Court, Ponte Vedra, FL 32081
(833) 222-TARP www.smart-tarp.com

Insured(s) 1:

| Full Name |
|---|
| Stone Brook Plaza Inc. |

| Phone | Email Address |
|---|---|
| 850-288-9954 | pkgarg4@gmail.com |

Insured(s) 2:

| Full Name |
|---|
| Anju Garg (Registered Agent) |

| Phone | Email Address |
|---|---|
| | |

| Property Address |
|---|
| 5636 Woodbine Road, Pace, Florida, 32571 |

| Insurance Company |
|---|
| Indian Harbor Insurance Company ( Tower Hill Insurance) |

| Policy Number | Claim Number |
|---|---|
| UCF0007913-01 | CLM0014184 |

| Type of Loss | Date of Loss |
|---|---|
| Wind | 9/16/2020 |

Agreement: I, the Homeowner/Insured, and or it's representative for the property located at

5636 Woodbine Road, Pace, Florida, 32571

(hereinafter "Client"), authorize Storm Damage Solutions LLC, DBA SMART-TARP (hereinafter "ST") to enter the said property to perform roof wrapping services. Client and ST hereby acknowledge that the services to be provided are NOT being provided in an urgent or emergency circumstance. The client agrees to fully cooperate with the insurance company as required by the subject policy of insurance and comply with all post-loss duties required by the same.

**Assignment of Benefits and Direct Payment Authorization:** Client hereby assign any and all insurance rights, benefits, and proceeds under my property insurance policy up to the amount of the services provided by ST. The client also hereby instructs and directs my insurance carrier to make a separate and individual payment to be sent directly to ST, or its representatives for their services in the instant matter. The client makes this assignment and authorization in consideration of ST's agreement to perform services and supply materials and otherwise perform its obligations under this contract, including not requiring full payment at the time of service. The client believes the appropriate insurance carrier to be    Indian Harbor Insurance Company ( Tower Hill Ir .

ST shall provide a copy of the executed assignment agreement to the insurer within 3 business days after the date on which the assignment agreement was executed or the date on which work begins, whichever is earlier. Delivery of the copy of the assignment agreement to the insurer shall be made by one of the methods prescribed in Fla. Stat. § 627.7152.

The client hereby assigns all legal rights to recover any and all insurance proceeds related to the work and services provided by ST and owed by my insurance company regarding this loss; including but not limited to the right to bring appropriate legal action up to the amount owed for the services rendered by ST. ST shall be entitled to any and all recovery of costs, and attorney's fees associated with the collection of its invoice from Client's Insurance Company as provided for under Fla. Stat. § 627.7152, 627.428, or any other law. The client has the right to rescind the assignment agreement without a penalty or fee by submitting a written notice of rescission signed by Client to ST within 14 days after the execution of the agreement, at least 30 days after the date work on the property is scheduled to commence if WW has not substantially performed, or at least 30 days after the execution of the agreement if the agreement does not contain a commencement date and the assignee has not begun substantial work on the property. For the purposes of this agreement Service Provide shall be deemed to have done substantial work once it has begun a visual inspection of the property.

Initials

**Deductible:** All deductibles under the policy shall be charged against Client (insured) and shall not be subtracted or reduced from the amount paid to ST or its successors or assigns. The client's intent is for ST or its successors or assigns, to be paid in full. The Insurance Company is instructed to pay ST or its successors or assigns, in full without reducing the payment by the amount of any deductibles.

**Payments, Terms and Interest:** If for any reason payment is made to the Owner/Agent by an insurer for the services provided by ST under the instant contract, it shall be endorsed over to ST within three (3) business days. The client agrees that they are responsible for payment of all of the following: any deductible amount due under the policy; Any betterment ordered and performed that is approved by the named insured; and any contracted work performed before the assignment agreement is rescinded. Client hereby appoints ST as attorney-in-fact, authorizing ST to endorse Client's name and to deposit insurance checks or drafts for ST. Payment terms to ST are net-30 days. In the event that legal or collection agency proceedings must be instituted to recover any amount due, ST shall be entitled to recover the cost of collections, including, collection agencies, attorney's fee, and courts, plus a finance charge of 1.5% per month apply to all amounts due. In exchange for this assignment of benefits ST agrees to indemnify and hold harmless Client from all liabilities, damages, losses, and costs, including, but not limited to, attorney fees, should the policy subject to the assignment agreement prohibit, in whole or in part, the assignment of benefits. The client acknowledges receipt of the itemized per-unit cost estimate and statutory notice required by Fla. Stat. section 627.7152 and they are fully incorporated herein.

**Stop Work-Hold Harmless:** In the event, ST is not allowed to perform its recommended services and protocols for any reason beyond its control, the Client agrees to release and hold ST harmless, and indemnify ST against all claims or actions that may result from such procedures.

**Client has read and understood the information above and have received a copy for my records. This contract is intended to be legally binding and contains all of the terms and conditions between the parties.**

**Additional Provision: Any work billable to the Client (not covered by insurance under the policy) must be included on a separate work order signed by all parties**

DocuSigned by:

*Anju Garg*                    5/6/2021

1D6E774BB8F44B1...

Signature Date

**Signature of Insured**

Anju Garg, Registered Agent

**Printed Name of Insured**

**Signature of Insured**

**Printed Name of Insured**

*Steph Ri...*

**Signature on Behalf of SMART-TARP**

# SMART TARP™

20 Jacob Court, Ponte Vedra, FL 32081
(833) 222-TARP www.smart-tarp.com

## Itemized Per-Unit Cost Estimate (subject to change)

| | |
|---|---|
| Temporary shrink wrap tarping services | $5 per square foot of covered area |
| -Material, expenses, and equipment | ($4 per square foot of covered area) |
| -Labor | ($1 per square foot of covered area) |
| 50 foot pull behind boom (if needed) | $600 |
| 50 foot 4x4 boom (if needed) | $900 |
| 60 foot 4x4 boom (if needed) | $1000 |
| Open and re-seal shrink wrap for insurance company inspection | $1.50 per square foot |

Estimated Square Feet of the roof at the property listed on this contract: __22,000__ sq ft.

_____
Signature on Behalf of Smart-Tarp

| DocuSigned by: | 5/6/2021 | | |
|---|---|---|---|
| *Anju Garg* | | *Signature* | |
| 1D6E774BB8F44B1 | | | |
| Signature Date | | Signature Date | |
| **Signature of Insured** | | **Signature of Insured** | |

Anju Garg, Registered Agent
_____    _____
**Printed Name of Insured**              **Printed Name of Insured**



20 Jacob Court, Ponte Vedra, FL 32081

(833) 55-WRAPS www.smart-tarp.com

**Continuation of Assignments of Benefit by Anju Garg, as registered agent for Stone Brook Plaza, Inc.**

# YOU ARE AGREEING TO GIVE UP CERTAIN RIGHTS YOU HAVE UNDER YOUR INSURANCE POLICY TO A THIRD PARTY, WHICH MAY RESULT IN LITIGATION AGAINST YOUR INSURER. PLEASE READ AND UNDERSTAND THIS DOCUMENT BEFORE SIGNING IT. YOU HAVE THE RIGHT TO CANCEL THIS AGREEMENT WITHOUT PENALTY WITHIN 14 DAYS AFTER THE DATE THIS AGREEMENT IS EXECUTED, AT LEAST 30 DAYS AFTER THE DATE WORK ON THE PROPERTY IS SCHEDULED TO COMMENCE IF THE ASSIGNEE HAS NOT SUBSTANTIALLY PERFORMED, OR AT LEAST 30 DAYS AFTER THE EXECUTION OF THE AGREEMENT IF THE AGREEMENT DOES NOT CONTAIN A COMMENCEMENT DATE AND THE ASSIGNEE HAS NOT BEGUN SUBSTANTIAL WORK ON THE PROPERTY. HOWEVER, YOU ARE OBLIGATED FOR PAYMENT OF ANY CONTRACTED WORK PERFORMED BEFORE THE AGREEMENT IS RESCINDED. THIS AGREEMENT DOES NOT CHANGE YOUR OBLIGATION TO PERFORM THE DUTIES REQUIRED UNDER YOUR PROPERTY INSURANCE POLICY.

DocuSigned by:

*Anju Garg*

1DEE774B88E54B1

**Signature of Insured**   Anju Garg

5/6/2021

_____

**Date**

*Steph Ryn*

**Signature on behalf of Smart-Tarp**

**Signature of Insured**

_____

**Date**

**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

### I.    CASE STYLE

IN THE CIRCUIT COURT OF THE <u>FIRST</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>SANTA ROSA</u>   COUNTY, FLORIDA

<u>STORM DAMAGE SOLUTIONS, LLC</u>
Plaintiff

Case # _____
Judge _____

vs.
<u>INDIAN HARBOR INSURANCE COMPANY</u>
Defendant

### II.    AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐  $8,000 or less
☐  $8,001 - $30,000
☐  $30,001- $50,000
☐  $50,001- $75,000
☐  $75,001 - $100,000
☒  over $100,000.00

### III.    TYPE OF CASE    (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

**CIRCUIT CIVIL**

☐ Condominium
☒ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
       ☐ Business governance
       ☐ Business torts
       ☐ Environmental/Toxic tort
       ☐ Third party indemnification
       ☐ Construction defect
       ☐ Mass tort
       ☐ Negligent security
       ☐ Nursing home negligence
       ☐ Premises liability—commercial
       ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
       ☐ Commercial foreclosure
       ☐ Homestead residential foreclosure
       ☐ Non-homestead residential foreclosure
       ☐ Other real property actions

☐Professional malpractice
       ☐ Malpractice—business
       ☐ Malpractice—medical
       ☐ Malpractice—other professional
☐ Other
       ☐ Antitrust/Trade regulation
       ☐ Business transactions
       ☐ Constitutional challenge—statute or ordinance
       ☐ Constitutional challenge—proposed amendment
       ☐ Corporate trusts
       ☐ Discrimination—employment or other
       ☐ Insurance claims
       ☐ Intellectual property
       ☐ Libel/Slander
       ☐ Shareholder derivative action
       ☐ Securities litigation
       ☐ Trade secrets
       ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

    **IV.**    **REMEDIES SOUGHT** (check all that apply):
    ☒ Monetary;
    ☐ Nonmonetary declaratory or injunctive relief;
    ☐ Punitive

    **V.**    **NUMBER OF CAUSES OF ACTION:** [   ]
    (Specify)

     1

    **VI.**    **IS THIS CASE A CLASS ACTION LAWSUIT?**
        ☐ yes
        ☒ no

    **VII.**    **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
        ☒ no
        ☐ yes If "yes," list all related cases by name, case number, and court.

    **VIII.**    **IS JURY TRIAL DEMANDED IN COMPLAINT?**
        ☒ yes
        ☐ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Antonio F. Valiente        Fla. Bar # 81999
        Attorney or party            (Bar # if attorney)

Antonio F. Valiente           06/04/2021
  (type or print name)           Date

IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
IN AND FOR SANTA ROSA COUNTY, FLORIDA
CASE No.:

STORM DAMAGE SOLUTIONS,
LLC D/B/A SMART TARP A/A/O
STONEBROOK PLAZA INC.,
          Plaintiff,

v.

INDIAN HARBOR INSURANCE
COMPANY,
          Defendant.

_____/

**PLAINTIFF'S REQUEST FOR
ADMISSIONS TO DEFENDANT**

PLAINTIFF, by and through undersigned counsel and pursuant to Florida Rule of Civil
Procedure 1.370, hereby requests Defendant, to admit or deny the following:

1.   Admit that the insurance policy which forms the subject matter of this lawsuit,
     was issued by the Insurance Company.

2.   Admit that the Insurance Company was providing insurance coverage to the
     Property described in the lawsuit at the time of the Loss described in the In-
     sureds' Complaint.

3.   Admit the Insured is the named insured under the Policy.

4.   Admit that the Insured proved the Property suffered the Loss described in the
     Insured's Complaint while the Policy was in full force and effect.

5.   Admit that the cause of the damage at issue is covered under the Policy.

6.   Admit that, prior to the institution of this action, the Insured timely notified the
     Insurance Company of the Loss.

7.   Admit that the Insurance Company's litigation of the instant action is for the
     purpose of delaying and/or avoiding payment to the Insured and/or Plaintiff.

8.   Admit that the Insured and/or Plaintiff has complied with all post-loss obliga-
     tions and conditions precedent to the filing of this lawsuit.

9.   Admit that, at all times material hereto and as of the date of the filing of this
     lawsuit, the Insurance Company issued no payment for the Loss.

10. Admit that, at all times material hereto and as of the date of the filing of this lawsuit, the Insurance Company issued a Denial for the subject Loss.

11. Admit that the Insurance Company is aware of no reasons to limit, exclude or bar coverage for the Loss other than those identified/stated in its Denial Letter and/or Affirmative Defenses.

12. Admit that the services rendered by the Plaintiff as a result of this Loss were reasonable.

13. Admit that the services rendered by the Plaintiff as a result of this Loss were necessary.

14. Admit that the damages as a result of the Loss did not occur due to faulty or inadequate construction, repair, or maintenance.

15. Admit that the damages as a result of the Loss did not occur due to neglect.

16. Admit that the damages as a result of the Loss did not occur due to wear and tear and/or deterioration.

17. Admit that the Insurance Company is required to pay the Plaintiff's attorney's fees and costs pursuant to Florida Statute §§ 627.7152, 626.911, & 627.428.

18. Admit that the Insurance Company has waived the Policy post-loss requirements and all conditions precedent.

19. Admit that the Insured has made no material misrepresentations in the application of insurance.

20. Admit that the Insured and/or Plaintiff have not made any false statements or engaged in any concealment in this claim.

## CERTIFICATE OF SERVICE

I Hereby Certify that a true and correct copy of the foregoing was e-filed on June 4, 2021 and will be served upon Defendant along with the Complaint via the Florida Department of Financial Services.

Respectfully submitted,

**Insurance Claims Professionals, PLLC**
*Attorneys for Plaintiff*
1111 Brickell Ave. – Ste. 1550
Miami, Florida 33131
T: (786) 361-6887 / F: (786) 551-6300
eservice@insclaimspros.com
matthew@insclaimspros.com

By: /s/ Matthew McElligott
    Matthew McElligott, Esq.
    FL Bar No.: 69959

IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
IN AND FOR SANTA ROSA COUNTY, FLORIDA
CASE No.:

STORM DAMAGE SOLUTIONS,
LLC D/B/A SMART TARP A/A/O
STONEBROOK PLAZA INC.,
      Plaintiff,

v.

INDIAN HARBOR INSURANCE
COMPANY,
      Defendant.

_____/

### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT

PURSUANT to RULE 1.350, Florida Rules of Civil Procedure, Plaintiff requests the Defendant to produce the following identified documents and things for inspection and duplication, at the law offices of INSURANCE CLAIMS PROFESSIONALS, PLLC, 1111 BRICKELL AVE., STE. 1550, MIAMI, FL 33131, within the time permitted by the Florida Rules of Civil Procedure.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was e-filed on June 4, 2021 and will be served upon Defendant along with the Complaint via the Florida Department of Financial Services.

Respectfully submitted,

**INSURANCE CLAIMS
PROFESSIONALS, PLLC**
*Attorneys for Plaintiff*
1111 BRICKELL AVE. – STE. 1550
MIAMI, FLORIDA 33131
T: (786) 361-6887 / F: (786) 551-6300
eservice@insclaimspros.com
matthew@insclaimspros.com

BY: /s/ Matthew McElligott
    Matthew McElligott, Esq.
    FL BAR NO.: 69959

## DEFINITIONS AND INSTRUCTIONS

1.   The term "document" shall mean any written or graphic matter and other means of preserving thought or expression and all tangible things from which information can be processed or transcribed, including the originals and all non-identical copies, whether different from the original by reason of any notation made on such copy or otherwise, including, but not limited to, correspondence, memoranda, notes, messages, letters, telegrams, teletype, telefax, bulletins, meetings or other communications, inter-office and intra-office telephone calls, diaries, chronological data, minutes, books, reports, studies, summaries, pamphlets, bulletins, printed matter, charts, ledgers, invoices, work-sheets, receipts, returns, computer printouts, prospectuses, financial statements, schedules, affidavits, contracts, canceled checks, statements, transcripts, statistics, surveys, magazine or newspaper articles, releases (and any and all drafts, alterations or modifications, changes and amendments of any of the foregoing), graphic or aural records or representations of any kind (including without limitation, photographs, microfiche, microfilm, videotape, records and motion pictures) and electronic, mechanical or electric records or representations of any kind (including without limitation, tapes, cassettes, discs and records).

2.   The term "Insurance Company" shall refer to Indian Harbor Insurance Company, its affiliates, subsidiaries, predecessors, successors, agents, attorneys and/or anyone else acting in its behalf.

3.   The term "Property" identifies the dwelling unit insured under the policy, which is referenced in the policy or declaration page at issue.

4.   The term "communication(s)" means every manner or means of disclosure, transfer or exchange of information, whether in person, by telephone, mail, personal delivery or otherwise.

5.   When producing the required documents, please produce all other documents that are clipped, stapled or otherwise attached to any requested document.

6.   If you claim that the attorney/client or any other privilege or the attorney's work product doctrine applies to any document, the production of which is called for by these requests, then for each such document, state its date, subject matter, author(s), recipient(s), present custodian and all past custodians, and such additional information concerning the claim of privilege or work product doctrine as will permit the adjudication of the propriety of the claim.

7.   If you contend that it would be unreasonably burdensome to obtain and provide all of the documents called for in response to any one of these requests, then in response to the appropriate request: (a) furnish each such document that is available to you without undertaking what you contend to be an unreasonable burden; (b) state with particularity the grounds on which you contend that additional efforts to obtain such documents would be unreasonably burdensome; and (c) describe with particularity the efforts made by you to secure such documents, including, without limitation, the identity of all persons consulted, and files, records, and documents reviewed, and the identity of each person who participated in gathering such documents, including the duration of time spent and nature of work done by each person.

8.   If any document to be produced was, but is no longer, in your possession, custody or control and/or has been destroyed or is otherwise incapable of production state: (a) the date, place and means of the destruction; (b) the name and address of each person deciding upon, participating in and having knowledge of the destruction; (c) the reason for the destruction; (d) if not destroyed, the reason why the document is incapable of production; and (e) the subject matter of the document.

## DOCUMENTS REQUESTED

1.      Any correspondence sent by the Insurance Company to the Plaintiff after the Insurance Company's notice of the loss. This includes letters sent to the Insured, their attachments, addendums or enclosures, which reference the insurance Company's receipt of the claim.

2.      Any documents or media sent to the field adjuster by the Insurance Company in preparation for the inspection of the property.

3.      Any statements taken by the Insurance Company of the Insured and/or Plaintiff. This request includes but is not limited to: any recordings or written notes taken by Defendant when the subject claim was reported; recorded statements and transcripts of any examination under oath ("EUO"); any document which reflects statements taken by the field adjuster at the inspection of the property; and any document which reflects statements made by the Insured and/or Plaintiff taken by any representative or third party on behalf of the Defendant.

4.      The curriculum vitae of the field adjuster who inspected the property.

5.      The curriculum vitae of any experts the Insurance Company has hired to give an opinion of the damage sustained to the property, including opinions as to the extent or cause of the damage.

6.      The curriculum vitae of any representative or third party hired by the Insurance Company to inspect the property as a result of the subject Loss.

7.      The estimate prepared by the Insurance Company, or a representative hired on the Insurance Company's behalf, which reflects the insurance Company's evaluation of the damage to the property at issue.

8.      Any reports, diagrams, notes, sketches, and/or any other documents reflecting the observations of the Insurance Company, or a representative hired on the Insurance Company's behalf, taken near or at the time of the inspection of the property at issue.

9.      A true and correct copy of the Insurance Policy, which is the subject of this lawsuit, as reflected in the Complaint.

10.     Any and all correspondence sent to the Plaintiff by the Insurance Company. This includes denial letters, reservation of rights letters, letters requesting a sworn proof of loss, any letters requesting an EUO of the Plaintiff, and emails.

11.  Any and all correspondence sent to the Insured by the Insurance Company. This includes payment letters, denial letters, reservation of rights letters, letters requesting a sworn proof of loss, letters requesting an EUO, and emails.

12.  Any checks evidencing payment to the insured for the loss at issue. This includes any correspondence, letters, reports or estimates enclosed with the payment.

13.  Any checks evidencing payment to the Plaintiff for the loss at issue. This includes any correspondence, letters, reports or estimates enclosed with the payment.

14.  Any and all correspondence sent by the Plaintiff, or a representative on his behalf, to the Insurance Company.

15.  Any documents sent to the Insurance Company by the plaintiff or a representative on his behalf. This request includes invoices, estimates, sworn proof of loss, receipts, bank statements, or any document evidencing repairs made to the property or documents reflecting the amount of damage sustained to the property.

16.  Any and all documents sent to the Insurance Company by the Insured or a representative on its behalf. This request includes invoices, estimates, sworn proof of loss, receipts, bank statements, emails, and any document regarding damages to the property.

17.  Any document which tends to prove how the damage was caused. This includes any reports prepared by any individual and/or company and/or expert and/or repair person sent on behalf of the Insurance Company or hired by the Insured and provided to the Insurance Company.

18.  Any and all photographs or videos taken by the Insurance Company, or any individual and/or company on the Insurance Company's behalf, of the property.

19.  Any and all photographs or videos taken of the property by any third-party in the past five (5) years that are in the Insurance Company's possession.

20.  Any reports, estimates, or documents of any kind describing the damage incurred at the subject dwelling and the name of the person and company which performed said report.

21.  A copy of the claim handling guidelines or procedures outlining how the Insurance Company processes claims.

22.   A copy of the claim handling guidelines or procedures outlining how the Insurance Company processed the claim at issue.

23.   Any requests for appraisal in relation to the subject Loss.

24.   Any and all applications for insurance submitted by or on behalf of the Insured to you or your representatives in connection with obtaining or renewing the subject Policy.

25.   Any and all documents relating to or supporting the Insurance Company's denial of any allegation made in the subject lawsuit.

26.   All documents relating to or supporting each and every Affirmative defense or general defense asserted by the Insurance Company.

27.   All inspection reports, appraisals, photographs, videos, or other documents or materials in Defendant's possession that evidence or pertain to the condition of the subject property prior to the subject date of loss.

28.   Any and all documents relating to any prior losses and/or claims at the subject property.

29.   A privilege log accounting for all responsive materials/documents being withheld from production on the basis of privilege or protection in accordance with Fla. R. Civ. P. 1.280(b)(6).

IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
IN AND FOR SANTA ROSA COUNTY, FLORIDA
CASE No.:

STORM DAMAGE SOLUTIONS,
LLC D/B/A SMART TARP A/A/O
STONEBROOK PLAZA INC.,
      Plaintiff,

v.

INDIAN HARBOR INSURANCE
COMPANY,
      Defendant.

_____/

## PLAINTIFF'S FIRST SET OF INTERROGATORIES

PLAINTIFF, pursuant to Florida Rule of Civil Procedure 1.340, propounds the following FIRST SET OF INTERROGATORIES upon Defendant, to be answered in writing, under oath, within the time permitted by the Florida Rules of Civil Procedure.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was e-filed on June 4, 2021 and will be served upon Defendant along with the Complaint via the Florida Department of Financial Services.

Respectfully submitted,

**INSURANCE CLAIMS
PROFESSIONALS, PLLC**
*Attorneys for Plaintiff*
1111 BRICKELL AVE. – STE. 1550
MIAMI, FLORIDA 33131
T: (786) 361-6887 / F: (786) 551-6300
eservice@insclaimspros.com
matthew@insclaimspros.com

BY: /s/ Matthew McElligott
    Matthew McElligott, Esq.
    FL BAR NO.: 69959

## DEFINITIONS AND INSTRUCTIONS

1. Separately answer each interrogatory, and each subsection of each interrogatory. If additional space is needed to answer, please attach additional paper(s) with answers and refer to them in the space provided in the interrogatories.

2. The term "you" and "your" means the party or parties to which this request is addressed, including its divisions, departments, subsidiaries, affiliates, predecessors, present or former officers, directors, owners, agents, accountants, attorneys, and all other persons acting or purporting to act on its behalf, as well as each partnership in which it is a partner.

3. The terms "Plaintiff" and "Assignee" mean Storm Damage Solutions, LLC d/b/a Smart Tarp as assignee of benefits from Stonebrook Plaza Inc., and its representatives as defined in Paragraph 7 hereof.

4. The term "Insured" means Stonebrook Plaza Inc., and his/her representatives as defined in Paragraph 7 hereof.

5. The terms "Insurance Company" or "Defendant" mean the defendant in this action to which these Interrogatories are addressed, Indian Harbor Insurance Company, including its agents, attorneys, accountants, and all other persons acting or purporting to act on their behalf. The terms "Insurance Company" or "Defendant" also include the party's divisions, departments, subsidiaries, affiliates, predecessors, present or former officers, directors, owners, agents, attorneys, and accountants as well as each partnership in which it is a partner, and includes any other person, acting or purporting to act on its behalf.

6. The terms "you" and "your" mean the party or parties to which these interrogatories are addressed, including its agents, attorneys, accountants, and all other persons acting or purporting to act on its behalf.

7. The term "Representatives" means any and all present or former agents, employees, servants, officers, directors, attorneys, consultants, sureties, indemnificators, insurers, and other persons acting or purporting to act on behalf of the entity referred to.

8. The "Complaint" means the Complaint filed by the Plaintiff in this action.

9. The terms "Claim" and "Loss" mean any statement, concept, assertion, idea, allegation, fact, law, rule, theory, observation, cause of action, or principle whatsoever, based upon which Plaintiff demands that it has suffered damages, or has a right to payment, as the result of any act or omission of Defendant.

10. The terms "person" or "persons" mean any natural person, individual, proprietorship, partnership, corporation, association, organization, joint venture,

firm, other business enterprise, governmental body, and group of natural persons or other entity, and includes any other person acting on behalf of a person.

11.   The term "contract" means any promise, or set or promises, which creates an obligation to do or not do a particular thing where there was meeting of the minds on a given proposition and an understanding and intention between the parties.

12.   The term "communication" means any information given, whether oral or written; any oral or written statement, conference, consultation, dialogue, colloquy, discussion, conversation, agreement, the sharing of knowledge by one with another, bargaining preparatory to making a contract or any expression of any kind.

13.   The term "document" means and includes any kind of written, typed, recorded or graphic matter, however produced or reproduced, of any kind or description, whether sent or received, and every record of every type, including originals, non-identical copies and drafts, and both sides of any documentation where information appears on both sides, and including but not limited to: letters, correspondence, memoranda, meeting transcripts or minutes, public filings or tax returns, papers, books, telegrams, bulletins, notices, announcements, instructions, charts, manuals, brochures, schedules, cables, telex messages, notes, notations, accountants' working papers, transcriptions, agendas, reports, recordings of telephone or other conversations, of interviews, of conferences or of meetings, telephone messages, diaries, indices, books, reports, ledgers, working papers, invoices, worksheets, receipts, computer printouts, financial statements, schedules affidavits, contracts, canceled checks, statements, transcripts, magazine or newspaper articles, periodicals, releases and any and all drafts, alterations and modifications, changes and amendments of any of the foregoing, whether handwritten, printed or electronically prepared, filed or stored, affidavits, statements, summaries, opinions, reports, studies, analyses, evaluations, contracts, agreements, journals, statistical records, calendars, appointment books, diaries, lists, tabulations, sound recordings, computer print-outs, data processing input and output, microfilms, newspapers, magazines, books, periodicals or press releases, including information stored on any electromagnetic storage device, any written, printed, typed, recorded, or graphic matter, however produced or reproduced or stored to which you have or had access.  "Document" shall also be deemed to include any summary of a document or documents called for hereafter.

14.   The term "all documents" means every document or group of documents as above defined that are known to you or that can be located or discovered by reasonably diligent efforts.

15. As used herein the singular shall include the plural, the plural shall include the singular, and the masculine, feminine, and neuter shall include each of the other genders.

16. The terms "and" as well as "or" shall be construed disjunctively as well as conjunctively as necessary to make the interrogatory inclusive rather than exclusive.  The term "all" means "any and all." The term "each" means "each and every," and the term "every" means "each and every."

17. The terms "refer" or "relate to" mean setting forth, pertaining to, memorializing, constituting, embodying, discussing, analyzing, reflecting or otherwise concerning.

18. The terms "locate" or "location" mean to state the present whereabouts of each Document and to identify the persons having possession, custody or control thereof.

19. The term "to date" shall mean the date on which you answer these interrogatories.

20. The term "including" means "including but not limited to".

21. "Relating to" or "relevant to" mean embodying, pertaining to, concerning, involving, constituting, comprising, reflecting, discussing, evidencing, referring to, consisting of, or having any logical or factual connection whatever with the subject matter in question.

22. The term "Identify," when used with reference to a natural person, means state:

    22.1. his full name and address (or, if the present address is not known, his last known address).

    22.2. the full name and address of each of his employers, each corporation of which he is an officer or director and each business in which he is a principal.

    22.3. his present (or, if the present is not known, his last known) position and his position or positions at the time of the act to which the interrogatory answer relate, and

    22.4. such other information sufficient to enable Plaintiff to identify the person.

23. "Identify," when used with reference to any entity other than a natural person, means:

    23.1. state the full name of the entity, the type of entity (e.g., corporation, partnership, etc.), the address of its principal place of business, its principal business activity, and if it is a corporation, the jurisdiction

under the laws of which it has been organized and the date of such organization.

24. "Identify," when used with reference to a document or written communication, means state:

    24.1. its nature (e.g., letter, telegram, floppy disc, computer printout, memorandum, chart, report or study), date, author, date and place of preparation and the name and address of each addressee, if there is an addressee;

    24.2. the identity of each signer to the document or communication;

    24.3. the title or heading of the document or communication;

    24.4. its substance;

    24.5. its present (or, if the present is not known, the last known) location and custodian.

    24.6. the identity of each person to whom a copy was sent and each date of its receipt and each date of its transmittal or other disposition by (I) respondent and (ii) any other person (naming such other person) who, at any time, either received, transmitted or otherwise disposed of such document or communication and each copy thereof;

    24.7. the circumstances of each such receipt and each transmittal or other disposition, including identification of the person from whom received and the person to whom transmitted.

25. "Identify," when used with reference to an oral transaction or oral communication, means state:

    25.1. its nature (e.g., telephone call, conversation in person, etc.)

    25.2. the date and place thereof.

    25.3. the identity and address of each person participating therein, present during or witness to any part thereof.

    25.4. identify each document in which such transaction or communication was recorded, described or referred to.

26. "Identify" when used with reference to a lawsuit means state:

    26.1. the caption of each lawsuit;

    26.2. the court in which the lawsuit was filed;

    26.3. the case number;

    26.4. identify the parties, and

26.5.    a brief summary of the nature of the claim or charge.

27.    "Identify" when used with reference to an administrative claim or charge means state:

27.1.    identify the claimant or charging party;

27.2.    the administrative office were filed;

27.3.    the number assigned to identify the claim or charge, and

27.4.    a brief summary of the nature of the claim or charge.

28.    "Identify," when used in any other context that is herein above set forth, means to describe the act, word, situation, event, etc. (and/or conduct, course of action of any nature whatsoever, including without limitation any failure to act, to engage in any conduct or to pursue any course of action), to be identified as fully as possible and identify each document or communication or act in which such act, word, situation, event, conduct or course of action, etc., was recorded, refers or relates to each answer, forms all or part of the basis for an answer; and/or corroborates and answer.

29.    You may, in lieu of identifying any Document or written communication, attach a true copy of each Document as an exhibit to the answers to these interrogatories. On each occasion in which you choose to attach a Document as your answer to an interrogatory, identify the portion of the Document that answers the interrogatory.

30.    Identify each Document produced pursuant to an interrogatory by the paragraph number of the interrogatory in response to which it is produced and by the file from which the document was produced.

31.    If any of the information furnished in an answer to all or part of an interrogatory is not within your personal knowledge, identify each person who has personal knowledge of the information furnished in such answer and each person who communicated to you any part of the information furnished.

32.    If the answer to all or any part of the interrogatory is not presently known or available to you, include a statement to that effect, furnish the information now known or otherwise available to you, and respond to the entire interrogatory by supplemental answer, in writing, under oath, within ten days from the time the entire answer becomes known or available to you, but. in no event less than five days prior to trial.

33.    If you contend that it would be unreasonably burdensome to obtain and provide all of the information called for in response to any one of these interrogatories or any subpart thereof, then in response to the appropriate interrogatory or subpart:

    33.1.   set forth all such information that is available to you without undertaking what you contend to be an unreasonable burden;

    33.2.   state with particularity the grounds on which you contend that additional efforts to obtain such information would be unreasonably burdensome; and

    33.3.   describe with particularity the efforts made by you to secure such information, including, without limitation, the identity of all persons consulted, and files, records, and documents reviewed, and the identity of each person who participated in gathering such information, including the duration of time spent and nature of work done by each person.

34. Unless your response to an interrogatory is complete when made, these interrogatories are continuing insofar as you are required to promptly make further or supplemental answers if new information is discovered and/or acquired by you between the date of your initial answer and any time thereafter.

35. If you claim in response to any request for production that any requested document is "privileged" and not subject to discovery, you shall so state expressly and, in addition, shall provide a privilege log, describing the nature of the documents, communications or things not produced or disclosed in a manner that, without revealing the information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection. Furthermore, you shall identify all persons or entities who have had access to or claimed to be privileged or were present when the privileged information was discussed, and you shall identify all persons or entities to whom the privileged information has been disclosed.

36. If all of the information furnished in answer to all or part of an interrogatory is not within the personal knowledge of the affiant, identify each person to whom all or part of the information furnished is a matter of personal knowledge and each person who communicated to the affiant any part of the information furnished.

37. To the extent precise and complete information cannot be furnished, such information as is available shall be supplied, together with an estimate of the precise and complete information.  Where such an estimate is given, the method employed in making the estimate shall be described.

# INTERROGATORIES

1.   Please state the name, title, current business address, and phone number of all persons answering or assisting with the answering of this set of interrogatories.

2.   Please identify with specificity any and all policies of insurance that may cover the loss that is the subject of this action and/or the allegations set forth in the Complaint, detailing as to such policies the name of the insurer, the number of the policy, the policy period, the available limits of coverage (including those contained in the policy language), and the name and address of the custodian of the policy.

3.   Please state, in detail and with as much specificity as possible, the names, addresses and telephone numbers of all persons or entities who are believed or known by you, your agents, and/or your attorneys to have any knowledge concerning, or has possession, custody and/or control of any and all estimates of damage, reports, proposals, contracts, models, maps, sketches, drawings, plats, photographs, videotapes  or other depictions related to any and all facts, documents, other evidence and/or issues related to the loss and claim that are the subject of this action. When doing so, please state in detail what item(s) the person possesses, is custodian of and/or controls. Please identify the person who initially prepared or took it, state the date it was prepared or taken and identify the location where it is presently stored.

4.   Have you seen, and do you presently possess, any report resulting from an inspection or appraisal of the subject property performed at any time prior to the alleged date of loss at issue in this action?  If so, as to each such report state the date it was prepared, identify the person(s) who prepared it, state the scope or purpose of the inspection and describe what, if anything, the report says about the condition of portions of the Property alleged by the Insured to have sustained damage attributable to the subject loss.

5.   Identify every person or entity who inspected any part of the insured premises on your behalf in connection with the subject loss, and as to each such inspection, state the date(s) of the inspection, the scope or purpose of the inspection, whether an inspection report was prepared and if so, whether a copy of the report was provided to the Insureds.  If an inspection report was prepared but not provided to

the Insureds, please verify that you are willing and able to produce it now, or state why you are unwilling or unable to do so.

6.   In addition to persons or entities who inspected the insured premises on your behalf, identify each person or entity by name, address, phone number and position, who, on the Insurance Company's behalf, has in any way participated in the investigation, evaluation, adjusting, or handling of the subject claim, and specify the nature and the time period of each such person's participation, including his or her field of expertise.

7.   Please state and provide any all correspondence sent by the Insurance Company to the Plaintiff, or a representative on his behalf, after receiving notice of the loss. This includes denial letters, reservation of rights letters, letters requesting a sworn proof of loss, and any letters requesting an Examination Under Oath of the Plaintiff or the Insured.

8.   Please state and provide any and all correspondence sent by the Plaintiff, or a representative on his behalf, to the Insurance Company in reference to the claim at issue.

9.   Please state in detail the date and any and all circumstances under which you received notice of the loss and claim that are the subject of this action from the Insured; or, in the alternative, if you received notice from some other source, please state the date and circumstances regarding same and identify the individual/entity (including the names, addresses, and telephone numbers) that provided said notice. Please include the identity of the person(s) who received notice on your behalf and state the nature of the loss as it was initially reported. Also, if you are alleging late notice as a defense to payment to the subject claim, explain how your investigation was prejudiced or impeded by the alleged lateness of the notice.

10.   Please list any and all experts the Insurance Company has retained in regard to this claim. Please include their curriculum vitae, their address and their telephone number.

11.   Identify all persons or entities not already identified in answers to the preceding interrogatories who are believed or known by you, your agents or your attorneys to have any knowledge concerning any of the issues in this lawsuit, and specify the subject matter upon which the person or entity has knowledge.

12.   Describe the observations of the field adjuster during his or her inspection of the Property.   This Interrogatory contemplates any findings which may relate to coverage of the loss/damages and the extent of the damage observed.   This Interrogatory *does not* seek any information protected by work product and/or attorney-client privilege.  If your response describes any document (including any estimates or reports) please submit these documents as part of your response, to the extent that they are not privileged.

13.   Please state the specific nature of your business relationship with any and all third parties employed by you or acting as agents and/or apparent agents for you who were involved in the processes of investigating, inspecting, examining, estimating, photographing,  and/or adjusting the Insured's property regarding the loss that is the subject of this action. Please also state whether said persons/entities were authorized to admit coverage regarding claims of loss, and if so, state the  specific dollar limits (if applicable) of such authority. When answering this  Interrogatory, please  identify:

   13.1.   The name of the individual who hired the third party on your behalf;

   13.2.   The date and nature of the services provided by the third party;

   13.3.   Each case in which the third party has been retained by you for any purpose during the past five years;

   13.4.   The amount of money that the third party has been paid by you during the past five years; and

   13.5.   The taxpayer identification numbers for each of the aforementioned third parties.

14.   Do you allege any failure on the part of the Insured to properly mitigate the subject damage so as to prevent further losses/damages? If so, describe with particularity the  steps  the  Insured  could  and  should  have  taken  to  prevent  further losses/damages along with the factual basis for your answer and identify any person(s) or document(s) that are the source of your information.

15.   State what you consider to be the cause of the loss at issue in the subject claim along with the factual basis for your answer and identify any person(s) or document(s) that are the source of your information.

16.   With regards to each of your affirmative defenses raised in the lawsuit, please describe each and every fact upon which you rely to substantiate such affirmative defense, including identification of all witnesses to each such fact.

17.   Do you allege that the Insured in any way failed to comply with any post-lost duties or other obligations under the Policy in connection with the subject claim? If so, identify any unfulfilled duties or obligations, state the factual basis for your answer, and identify any person(s) or document(s) that are the source of your information.

18.   Was there a date prior to the filing of this action that you began anticipating litigation over the subject claim? If so, identify that date along with the factual basis for your answer and identify any person(s) or document(s) that are the source of your information.

19.   Please describe what is considered "ensuing damage" as it relates to the Policy. Please describe whether ensuing damage is covered under the Policy. If it is not, please describe the Policy exclusion.

20.   Please describe what is considered "reasonable repairs" as it relates to the Policy. Please describe whether reasonable repairs are covered under the Policy. If it is not, please describe the Policy exclusion.

21.   Have you alleged any material misrepresentations by the Insured, either in connection with the subject loss or in the application for the subject Policy? If so, as to each such misrepresentation please state what it was and when it was made, identify who made it and to whom it was made, explain why the misrepresentation is considered material, and identify any person(s) or document(s) that are the source of your information.

22.  To the extent that you denied the subject claim, state how and when you notified the Insured of your decision to deny the claim.  Furthermore, identify your most senior representative who authorized the denial or refusal to pay, state the factual basis for the denial or refusal to pay and identify the relevant Policy provisions that are the contractual basis for the denial or refusal to pay. *[Note: Plaintiff seeks a sworn answer expressly responding to the Interrogatory as asked, not merely a referral to a denial letter, Affirmative Defenses or any other correspondence, document or pleading in lieu of answering.]*

23.  State any other facts supportive of the denial or nonpayment of the claim that were not set forth in your answer to the preceding Interrogatory and identify any person(s) or document(s) that are the source of your information.

24.  If payment was issued to the Insured or to the Plaintiff, state any and all reasons for your payment regarding any portion of the claimed damages stemming from the loss that is the subject of this action, and state the facts, documents, and/or other evidence that provide the basis for the reasons.

25.  Please state whether the Insured, pursuant to the Policy, is required to take necessary measures to protect the Property from further harm/damage (this Interrogatory simply requires a yes or no answer). If the answer is yes, please state whether you believe the services rendered by the Plaintiff were necessary to protect the property from further harm, and please state the reason for your answer.

26.  Please state whether you believe the Plaintiff's invoice for services rendered as a result of the subject loss is reasonable. If your position is that the Plaintiff's invoice is not reasonable, please set forth the specific line items in the invoice that you allege are unreasonable and state the reason(s) for why you believe a line item to be unreasonable.

27.  State if, how and when you notified the Insured and the Plaintiff of their right to participate in mediation in accordance with Florida Statute § 627.7015(2).

28. Please describe what is considered seepage or leakage of water or moisture which has "occurred over a period of time" as it relates to the Policy. Specifically, please state the exact amount of time that constitutes "a period of time" and where this is defined in the Policy.

IN WITNESS WHEREOF, the Insurance Company has executed the foregoing answers to interrogatories and states that same are true and correct to the best of the undersigned's knowledge and belief.

_____
Name of the Insurance Company

By:_____

Title:_____

STATE OF FLORIDA                    }
                                    }
COUNTY OF _____ }

BEFORE     ME,     the     undersigned     authority,     personally     appeared

_____, who is personally known to me or who has produced

_____ as identification, being first duly sworn according to

law, deposes and says that he executed the foregoing ANSWERS TO PLAINTIFF'S FIRST

SET OF INTERROGATORIES and that they are true and correct to the best of his/her

knowledge and belief.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of my

office; in the County and State last aforesaid, this _____ day of _____ , 20____.

IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
IN AND FOR SANTA ROSA COUNTY, FLORIDA
CASE No.:

STORM DAMAGE SOLUTIONS,
LLC D/B/A SMART TARP A/A/O
STONEBROOK PLAZA INC.,
        Plaintiff,

v.

INDIAN HARBOR INSURANCE
COMPANY,
        Defendant.

_____/

**PLAINTIFF'S NOTICE OF TAKING DEPOSITION DUCES TECUM
OF DEFENDANT'S CORPORATE REPRESENTATIVE(S)
PURSUANT TO RULE 1.310(B)(6)**

PLEASE TAKE NOTICE that Plaintiff, by and through the undersigned counsel will take the deposition, by oral examination of the following person(s) per RULE 1.310(B)(6) as indicated below *or at such other location, time, and date as is mutually agreed upon by counsel*, or ordered by the Court, before an associate or deputy court reporter who is not of counsel to the parties or interested in the events of this cause.

| Deponent | Date & Time | Place |
|---|---|---|
| Pursuant to Fla. R. Civ. P. 1.310(b)(6), Defendant's corporate representative as to the areas of inquiry listed in Schedule "A" and documents listed in Schedule "B". | TBD | Universal Court Reporting |

The deponent(s) is/are directed to produce for inspection or copying at the time of deposition the documents called for in the attached Schedule "B" [and as to any documents over which a claim of privilege is asserted, a privilege log per RULE 1.280(B)(5)].

The deposition(s) is/are being taken for the purpose of discovery, for use at trial, or for such other purposes as are permitted under the FLORIDA RULES OF CIVIL PROCEDURE. The deposition will continue from day to day until completed.

In an effort to expedite the deposition(s), Plaintiff's counsel requests that the requested documents responsive to Schedule "B" be **PRODUCED AT LEAST TEN (10) DAYS** before the date of the deposition(s), to allow the parties to conduct the deposition quickly and efficiently. This will eliminate the need for Plaintiff's counsel having to review the documents for the first time at the deposition(s) with the deponent(s). Plaintiff will reimburse deponent(s) for all

reasonable costs associated with producing the requested documents prior to the depositions.

Further, to the extent any privilege or confidentiality is claimed to apply to the requested documents, the deponent(s) are directed to bring such responsive documents to the deposition(s) so that they can fully answer all of counsel's questioning. However, a privilege log as contemplated under FLORIDA RULE OF CIVIL PROCEDURE 1.280(B)(5) may be produced prior to and at the deposition(s) in lieu of the actual documents over which such claim(s) is asserted. Any such privileged documents are nonetheless requested to be available at the deposition(s) for the deponent(s) to review during the deposition(s) in order to fully answer all questions. Such review will not be deemed a waiver of any claimed privilege.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was e-filed on June 4, 2021 and will be served upon Defendant along with the Complaint via the Florida Department of Financial Services.

Respectfully submitted,

**INSURANCE CLAIMS PROFESSIONALS, PLLC**
*Attorneys for Plaintiff*
1111 BRICKELL AVE. – STE. 1550
MIAMI, FLORIDA 33131
T: (786) 361-6887 / F: (786) 551-6300
eservice@insclaimspros.com
matthew@insclaimspros.com

BY: /s/ Matthew McElligott
     Matthew McElligott, Esq.
     FL BAR NO.: 69959

## SCHEDULE "A"

1. The Corporate Representative who can identify by full name and company title all those persons who participated in making the decisions by or on behalf of Defendant determining the value of Plaintiff's claim, whether to pay Plaintiff's claim, or to withhold any payments(s) of insurance proceeds to the Plaintiff for this claim under the insurance policy.

2. The Corporate Representative who can identify the reason(s) for the coverage determination made by or on behalf of Defendant for this claim, and what individual(s) were responsible for and/or associated with the coverage determination.

3. The Corporate Representative with knowledge of Defendant's investigation, adjustment, and valuation of Plaintiff's claim.

4. The Corporate Representative with knowledge of each and every inspection performed at the subject Property as a result of the subject Loss.

5. The Corporate Representative with knowledge of any prior claims at the subject Property.

6. The Corporate Representative with knowledge about the factual basis and all policy language upon which Defendant's Answer and Affirmative Defenses is based, including all denials and affirmative defenses raised by Defendant in this cause.

7. The Corporate Representative who can identify and explain how the events which occurred to cause the Insured's damages constitute events excluded from the coverage provided by the policy of insurance or why Plaintiff's claim or damages are not otherwise covered under the policy of insurance.

8. The Corporate Representative with knowledge who can describe, comprehensively and in detail, Defendant's investigation, adjustment and handling of the Plaintiff's claim from the date it was initially reported to Defendant until the date of this lawsuit.

9. The Corporate Representative who can describe, comprehensively and in detail, any and all decisions made on behalf of Defendant with regard to the adjustment, investigation, and payment or failure to pay Plaintiff's claim which is the subject of this suit and the basis for those decisions.

10. The Corporate Representative who can testify regarding the date Defendant reasonably anticipated litigation with Plaintiff and/or the Insured for the subject claim and all circumstances which gave rise to the Defendant's reasonable expectation or belief that litigation would ensue, result or arise regarding Plaintiff's and/or the Insured's claim at issue in this lawsuit.

11. The Corporate Representative who can identify and explain Defendant's responses to Plaintiff's discovery requests and all facts and policy language which support Defendant's responses to Plaintiff's discovery requests.

12. The Corporate Representative who can testify regarding the cause of loss that Defendant attributed to the Insured's claim and all reasons for Defendant's determination of that cause of loss.

13. The Corporate Representative who can testify regarding any estimates prepared by or on behalf of Defendant for any damages caused by, or any services performed as a result of, the subject Loss.

14. The Corporate Representative who can testify regarding any reports prepared by or on behalf of Defendant relating to the subject Loss.

15. The Corporate Representative who can testify regarding any photographs or videos taken by or on behalf of Defendant in relation to the subject Loss.

16. The Corporate Representative who can describe and state in detail and with specificity all damages to the insured property caused, directly or indirectly, by the subject incident.

## SCHEDULE "B"

1. All documents you reviewed in preparation for this deposition.

2. All documents you will rely on in responding to the topics in Schedule "A" during this deposition.

3. For any documents withheld from paragraphs 1 and 2 above due to a claim of attorney-client privilege, work product privilege or any other claimed right of privilege, provide a privilege log pursuant to Florida Rule of Civil Procedure 1.280(b)(5).

4. The complete original written, printed, and electronic claim file(s) of Defendant and its adjusters including all independent or third-party adjusters involved in adjusting, inspecting, and handling Plaintiff's claim or loss (cover-to-cover), from the home office, regional office and local office for the subject claim, including but not limited to:

    A)    All letters, memoranda, and other forms of written or computerized communication to or from any employee of Defendant that concern, refer, or relate in any way to the adjusting, processing, or handling of the claim at issue in this action.

B)   All written or computerized records of any oral communication, whether in person or by telephone, to or from any employee of Defendant that concern, refer, or relate in any way to the processing of the subject claim.

C)   All written or computerized communications and written or computerized records of oral communications, whether in person or by telephone, between any employee, representative or agent of Defendant and Plaintiff, or his representatives or agents that concern, refer, or relate in any way to the subject claim(s).

D)   All written or computerized communications and written or computerized records of oral communications, whether in person or by telephone, between any employee of Defendant and any adjuster that concern, refer, or relate in any way to the subject claim(s).

E)   All written or computerized records of any investigation or adjustment activities by Defendant and its adjusters, from the date of loss through the earlier of the date of this lawsuit or the date litigation was first anticipated by Defendant with regard to the subject claim.

F)   All written or computerized communications and written or computerized records of oral communications, whether in person or by telephone, to or from any employee of Defendant and its adjusters that concern, refer, or relate in any way to the decision to pay, deny, withhold, delay payment, or conditionally or partially pay Plaintiff's claim.

G)   All written or computerized communications and written or computerized records of oral communications, whether in person or by telephone, between Plaintiff and any employee of Defendant and its adjusters that concern, refer, or relate in any way to the decision by any employee of Defendant to pay, deny, withhold, delay payment, or conditionally or partially pay Plaintiff's claim.

H)   All written or computerized communications and written or computerized records of oral communications, whether in person or by telephone, between any employee of Defendant and any third party that concern, refer, or relate in any way to the decision by any employee or agent of Defendant to pay, deny, withhold, delay payment or conditionally or partially pay Plaintiff's claim.

I)   All activity logs, diaries, claim notes or logs created by any adjuster, claim representative, manager, or supervisor of Defendant or third-party adjusters

during the adjustment of Plaintiff's claim up until the date of this lawsuit or the date Defendant reasonably anticipated litigation in connection with the claim at issue in this action.

J)   The file folders in which the preceding documents are kept.

K)   All reports and correspondence.

L)   Tapes - video and audio.

M)   Photographs and original negatives.

5.   Copies of all documentation of whatever kind or nature in your possession, custody or control concerning the subject loss, and all files relating to Plaintiff, and his claim for damages to the insured property, including but not limited to, certified copies of any applicable insurance policies, recorded statements, documentation of the claim such as proofs of loss, damage estimates, reports or memoranda by Defendant's adjuster(s) regarding the extent of damage and the reasons for payment, delay of payment, withholding of payment, or denial of payment on the subject claim.

6.   All checks reflecting payments made to Plaintiff to date including, but not limited to any and all documents/materials explaining the application of Plaintiff's deductible.

7.   Any and all documents or records reflecting whether Defendant made any payments to any claimant, vendor, or assignee with respect to the subject claim.

8.   The recording of the First Notice of Loss with respect to this claim and all other recorded conversations with Plaintiff, any other claimant, vendor, or assignee with respect to the subject claim.

9.   A certified copy of the policy of insurance in effect on the subject date of loss.

10.   Copies of all summaries of statements made by Plaintiff and all recorded or transcribed statements taken by you, your representative(s) and/or your attorneys of Plaintiff.

11.   Copies of all correspondence, notices, reports or other communications between you and your representatives and Plaintiff and his representatives regarding the loss at the insured property.

12.   Copies of all letters from Defendant that make payment, deny payment, authorize payment or withhold payment for the subject claim.

13.   Copies of all documents in your possession, custody or control relating to the

insured property, including but not limited to: photographs, video tapes, estimates, sketches, drawings, field notes, estimates for damage(s), reports relied upon by you, reports prepared by you or reports prepared for you or on your behalf of the Plaintiff regarding the loss at the insured property.

14. Copies of all property damage inventories, estimates or reports prepared and received by you and upon which you relied in reaching your conclusions concerning valuation of the loss.

15. Copies of all other documents relied upon by you in reaching any conclusions regarding the Plaintiff's insurance claim and the coverage and payment decisions made on Plaintiff's claim, including all books, tables, depreciation tables, guides, price lists, whatsoever used by you in determining the valuation of the property or property damage sustained by the Plaintiff, the methods of computation used by you in arriving at valuation figures for the property, all reports, calculations, estimates and the like relied upon by you in arriving at any and all figures used in determining the damage to the property.

16. Any and all documents, statements, notes, measurements, test results and related materials relied upon by you in reaching your conclusion to make payment, deny payment, authorize payment or withhold payment of the subject claim.

17. All documents which indicate or support the date when Defendant contends it first reasonably expected or anticipated litigation with Plaintiff and the reasons and factual circumstances which gave rise to that expectation or belief.

18. Defendant's Privilege Log prepared pursuant to FLORIDA RULE OF CIVIL PROCEDURE 1.280(B)(5) identifying with particularity any and all documents withheld from Defendant's response to the preceding paragraphs as privileged, confidential, or otherwise protected from discovery.

IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
IN AND FOR SANTA ROSA COUNTY, FLORIDA
CASE No.:

STORM DAMAGE SOLUTIONS,
LLC D/B/A SMART TARP A/A/O
STONEBROOK PLAZA INC.,
       Plaintiff,

v.

INDIAN HARBOR INSURANCE
COMPANY,
       Defendant.

_____/

**PLAINTIFF'S NOTICE OF TAKING
DEPOSITION DUCES TECUM**

PLEASE TAKE NOTICE that the undersigned attorneys will take the deposition of:

| DEPONENT | DATE AND TIME | PLACE |
|---|---|---|
| Field Adjuster | TBD | Universal Court Reporting |

Upon oral examination before a court reporter or any other Notary Public or officer authorized by law to take depositions in the State of Florida. The oral examination will continue from hour to hour and day to day until completed. This deposition is being taken for the purpose of discovery, for use at trial, or for such other purposes as are permitted under the Rules of Court. YOU ARE REQUIRED TO HAVE WITH YOU ALL ORIGINAL DOCUMENTS THAT YOU HAVE WHICH ARE LISTED IN THE ATTACHED SCHEDULE "A".

In an effort to expedite the deposition(s), Plaintiff's counsel requests that the materials and/or items responsive to Schedule "A" be produced at least ten (10) days before the date of the deposition to allow the parties to conduct the depositions in an efficient and non-prejudicial manner.

Further, to the extent that Defendant claims any privilege or confidentiality applies to the documents requested, the deponent is directed to bring such responsive documents to the deposition(s) so that they can fully answer all of Plaintiff's counsel's questions. However, a privilege log as contemplated under Florida Rule of Civil Procedure 1.280(b)(5) may be produced prior to and at the deposition(s) in lieu of the actual documents over which such claim(s) is asserted.

## CERTIFICATE OF SERVICE

I Hereby Certify that a true and correct copy of the foregoing was e-filed on June 4, 2021 and will be served upon Defendant along with the Complaint via the Florida Department of Financial Services.

Respectfully Submitted,

**Insurance Claims Professionals, PLLC**
*Attorneys for Plaintiff*
1111 Brickell Ave. – Ste. 1550
Miami, Florida 33131
T: (786) 361-6887 / F: (786) 551-6300
eservice@insclaimspros.com
matthew@insclaimspros.com

By: /s/ Matthew McElligott
      Matthew McElligott, Esq.
      FL Bar No.: 69959

## INSTRUCTIONS

To the extent Defendant contends that any of the requests listed above seek documents protected by privilege, Plaintiff requests that Defendant prepare and produce prior to the deposition a privilege log that complies with Fla. R. Civ. P. 1.280(b)(5). Plaintiff also requests that the documents Defendant asserts are privileged be brought to the deposition and be made available to the deponent for the sole purpose of refreshing the deponent's recollection, to allow competent testimony during the deposition. Furthermore, and to the extent that a designation is objected to, Plaintiff respectfully demands that the deposition take place to the extent that a designation is not objected to so that any disputed designations do not serve to delay the progression of this case. By so stating, Plaintiff does not waive his/her right to proceed with secondary 1.310(b)(6) depositions at a later point.

## SCHEDULE "A" – SUBPOENA DUCES TECUM

1. All documents you reviewed in preparation for this deposition.

2. All letters, memoranda, and other forms of written or computerized communication that relate in any way to the adjusting, processing, or handling of the claim at issue in this action.

3. All written or computerized communications and written or computerized records of oral communications, whether in person or by telephone, between any employee, representative or agent of Defendant and Plaintiff, or his/her representatives or agents that concern, refer, or relate in any way to the subject claim(s).

4. All written or computerized communications and written or computerized records of oral communications, whether in person or by telephone, between you and any employee of Defendant that concern, refer, or relate in any way to the subject claim(s).

5. All written or computerized records of any investigation or adjustment activities by you, from the date of loss to present.

6. All written or computerized communications and written or computerized records of oral communications, whether in person or by telephone, to or from you and any employee of Defendant that concern, refer, or relate in any way to the decision to pay, deny, withhold, delay payment, or conditionally or partially pay Plaintiff's claim.

7. All written or computerized communications and written or computerized records of oral communications, whether in person or by telephone, between Plaintiff and you that concern, refer, or relate in any way to the decision by any employee of

Defendant to pay, deny, withhold, delay payment, or conditionally or partially pay Plaintiff's claim.

8. All activity logs, diaries, claim notes or logs created by you during the adjustment of Plaintiff's claim including but not limited to:

    a. The file folders in which the preceding documents are kept.

    b. All reports and correspondence.

    c. Tapes - video and audio.

    d. Photographs and original negatives.

9. Copies of all summaries of statements made by Plaintiff and all recorded or transcribed statements taken by or overhead by you.

10. Copies of all letters from Defendant that make payment, deny payment, authorize payment or withhold payment for the subject claim.

11. Copies of all documents in your possession, custody or control relating to the insured property, including but not limited to: photographs, video tapes, estimates, sketches, drawings, field notes, estimates for damage(s), reports relied upon by you, reports prepared by you or reports prepared for you or on your behalf regarding the loss at the insured property.

12. Copies of all property damage inventories, estimates or reports prepared and received by you and upon which you relied in reaching your conclusions concerning valuation of the loss.

13. Any and all documents, statements, notes, measurements, test results and related materials relied upon by you in reaching your conclusion regarding the extent and or cause of damage to the subject property.

IN THE CIRCUIT COURT OF THE FIRST
JUDICIAL CIRCUIT IN AND FOR SANTA
ROSA COUNTY, FLORIDA

CASE NO.: 2021-CA-489

STORM DAMAGE SOLUTIONS, LLC d/b/a
SMART TARP a/a/o STONEBROOK PLAZA
INC.,

      Plaintiff,

v.

INDIAN HARBOR INSURANCE COMPANY,

      Defendant.

_____/

## NOTICE OF APPEARANCE AND
## DESIGNATION OF E-MAIL ADDRESSES

     Robert Alden Swift, Esq. and Christine Wasula, Esq. of COLE, SCOTT &
KISSANE, P.A. hereby give notice of their appearance on behalf of Defendant, INDIAN
HARBOR INSURANCE COMPANY, and requests that copies of all motions, notices, and
other pleadings heretofore or hereafter filed or served in this cause be furnished to the
undersigned.   Further, pursuant to Florida Rules of General Practice and Judicial
Administration. 2.516, the undersigned hereby designates the following primary and
secondary e-mail addresses for mail service in the above referenced case.

            Primary e-mail:      robert.swift@csklegal.com
            Secondary e-mail:  christine.wasula@csklegal.com
            Alternate e-mail:    mcherie.heckford@csklegal.com

CASE NO.: 2021-CA-489

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 28th day of June, 2021, a true and correct copy of the foregoing was filed with the Clerk of Santa Rosa County by using the Florida Courts e-Filing Portal, which will send an automatic e-mail message to the following parties registered with the e-Filing Portal system:  Matthew McElligott, Esq., Insurance Claims Professionals, PLLC., eservice@insclaimspros.com;matthew@insclaimspros.com, 1111 Brickell Ave., Suite 1550, Miami, FL 33131, (786) 361-6887/(786) 551-6300 (F), Attorney for Plaintiff, Storm Damage Solutions, LLC d/b/a Smart Tarp.

COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendant INDIAN HARBOR*
*INSURANCE COMPANY*
Tower Place, Suite 400
1900 Summit Tower Boulevard
Orlando, Florida 32810
Telephone (321) 972-0010
Facsimile (321) 972-0099
Primary e-mail: robert.swift@csklegal.com
Secondary e-mail:
christine.wasula@csklegal.com
Alternate e-mail:
mcherie.heckford@csklegal.com

By:  s/ Robert Alden Swift
ROBERT ALDEN SWIFT
Florida Bar No.:  18518
CHRISTINE WASULA
Florida Bar No.:  148164

9456.0221-00

IN THE CIRCUIT COURT OF THE FIRST
JUDICIAL CIRCUIT, IN AND FOR SANTA
ROSA COUNTY, FLORIDA

CASE NO.: 2021-CA-489

STORM DAMAGE SOLUTIONS, LLC
d/b/a SMART TARP a/a/o STONEBROOK
PLAZA, INC.,

      Plaintiffs,

v.

INDIAN HARBOR INSURANCE COMPANY,

      Defendant.

_____/

### <u>DEFENDANT'S MOTION FOR EXTENSION OF TIME<br>TO RESPOND TO PLAINTIFFS' COMPLAINT</u>

Defendant, INDIAN HARBOR INSURANCE COMPANY ("Defendant"), by and through its undersigned counsel, hereby submits this motion for an extension of time in which to file its response to Plaintiffs' Complaint.  In support thereof, Defendant states as follows:

1.     Plaintiffs filed this action on June 8, 2021, asserting a claim for breach of contract against Defendant.

2.     Defendant's response to Plaintiffs' Complaint is due on July 6, 2021.

3.     Defendant and its counsel have been diligent in their efforts to complete and file Defendant's response to Plaintiffs' Complaint prior to the deadline for doing so. However, due to counsel's workload and schedule, Defendant respectfully requests a 14-

day extension of time to respond to Plaintiffs' Complaint in order to allow sufficient time to analyze the Complaint and formulate a meaningful response.

4.      This motion is not submitted for the purpose of unnecessary delay, and granting the instant motion will not prejudice any party.

WHEREFORE, Defendant, INDIAN HARBOR INSURANCE COMPANY, respectfully requests a 14-day extension of time to serve its response to Plaintiffs' Complaint.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 6st day of July, 2021, a true and correct copy of the foregoing was filed with the Clerk of Lee County by using the Florida Courts e-Filing Portal, which will send an automatic e-mail message to the following parties registered with the e-Filing Portal system: Matthew McElligott, Esq., Insurance Claims Professionals, PLLC, 1111 Brickell Avenue, Suite 1550, Miami, FL 33131, eservice@insclaimspros.com; matthew@insclaimspros.com, Attorneys for Plaintiff.

COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendant INDIAN HARBOR INSURANCE COMPANY*
Tower Place, Suite 400
1900 Summit Tower Boulevard
Orlando, Florida 32810
Telephone (321) 972-0075
Facsimile (321) 972-0099
E-Mail: christine.wasula@csklegal.com
E-Mail: mcherie.heckford@csklegal.com

CASE NO.: 2021-CA-489

By:   s/ Christine Wasula
      CHRISTINE WASULA
      Florida Bar No.:  148164

9457.0239-00/16818497